# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

       Plaintiff,

v.

JASON OLSON,

       Defendant.

Case No. 24-CV-612-JPS

**ORDER**

---

    In November 2025, this Court granted Plaintiff Hartford Life and Accident Insurance Company's ("Plaintiff") motion for summary judgment and found that Defendant Jason Olson ("Defendant") was unjustly enriched by $145,486.40 due to an administrative error that paid him that amount of disability benefits. ECF No. 28. At that time, the Court deferred ruling on Plaintiff's request for prejudgment interest and required Plaintiff to brief out this issue, including the legal basis for the prejudgment interest request, defining how much it is entitled to, at what rate, and when the interest began accruing. *Id*. at 17.

    In December 2025, Plaintiff filed a brief, along with a declaration indicating that it attempted to confer with Defendant as to his position and that he did not respond. ECF Nos. 30–31. Plaintiff sought compound prejudgment interest, ECF No. 30 at 5, but the Court determined that compound interest was likely inappropriate. ECF No. 32. Accordingly, the Court provided Plaintiff one last opportunity to provide the correct figures. *Id*. In January 2026, Plaintiff provided those figures, admitting that the facts here only warrant simple interest. ECF Nos. 33–34.

The Court has already exercised its discretion to award prejudgment interest in this case and determined that the interest began to accrue on February 3, 2024. ECF No. 32 at 3 (citations omitted). For the reasons given before, the Court adopts the 5% interest rate that Plaintiff proposed. *Id*. at 4 (citing ECF No. 30 at 4); *see also* WIS. STAT. § 138.04. Further, in light of Plaintiff's concession that simple interest is appropriate, the Court will use Plaintiff's calculations to determine simple prejudgment interest. ECF No. 33 at 1–2. The Court adopts the figure of $14,112.18 as the amount of prejudgment interest that has accrued as of Plaintiff's latest submission, *id.* at 2, and will add $19.96, Plaintiff's calculated daily rate of interest, *id*., for each day that has passed since the date of that submission (January 9, 2026) through today's date (when judgment will be entered), which corresponds to 11 days, resulting in a total prejudgment interest award of $14,331.74.

With the issue of prejudgment interest finally resolved, judgment may now be entered. *See Pace Commc'ns, Inc. v. Moonlight Design, Inc.*, 31 F.3d 587, 590–91 (7th Cir. 1994) (noting that "where a court intends to award prejudgment interest, its judgment is not final . . . until the amount of interest is calculated"). The Court will order entry of judgment in Plaintiff's favor in the total amount of $159,818.14 (which includes the prior award of $145,486.40 for unjust enrichment, *see* ECF No. 28, and the current award of $14,331.74 in prejudgment interest), and will dismiss this case with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff Hartford Life and Accident Insurance Company's motion for summary judgment, ECF No. 25, be and the same is hereby **GRANTED** to the extent it seeks prejudgment interest; Plaintiff

Page 2 of 3
Case 2:24-cv-00612-JPS    Filed 01/20/26    Page 2 of 3    Document 35

Hartford Life and Accident Insurance Company is entitled to prejudgment interest in the amount of $14,331.74;

**IT IS FURTHER ORDERED** that Defendant Jason Olson shall **PAY** to Plaintiff Hartford Insurance Company the total amount of $159,818.14, which includes the award of $145,486.40 for unjust enrichment and the award of $14,331.74 in prejudgment interest; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2026.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge